# JAIME MENDEZ

*v.*

# NORTH BRITISH & MERCANTILE INSURANCE COMPANY.

San Juan, Law, No. 669.

SUIT ON INSURANCE POLICY.

1. Offers of settlement made by a fire insurance company to the insured are not binding if not accepted and suit is afterwards brought on the policy.

2. A jury does not have to believe uncontradicted testimony if it is not reasonable, or is improbable in and of itself.

3. When an insurance company as a defense alleges that plaintiff set fire to his buildings, or caused the same to be done, and destroyed the property, the burden is upon it to prove such fact by a preponderance of the evidence.

4. Where an insurance company, by a clause in the policy, reserves to itself the right to reconstruct the building destroyed, instead of paying the amount for which it was insured, and the plaintiff after the fire puts it out of his power to permit the rebuilding of the premises by assigning the ground lease that he had, he cannot in such case recover the amount for which the destroyed building was insured, if, as matter of fact, the proofs show it not to have been worth so much. In other words, the insurance company choosing to exercise its option to rebuild, and the plaintiff wrongfully depriving it of that right, relieves it from paying any more than plaintiff's actual loss as damages.

5. Ordinarily, in a fire insurance policy, certainly as to personal property, the amount it is insured for is the limit of the liability, and not the measure of the liability, and hence a plaintiff can recover for personal property only the market price of the same at the time it was destroyed.

Case tried December 7, 1909.

*José A. Poventud,* for the plaintiff.

*Mr. Martin Travieso, Jr.,* for defendant.

The facts in the case can be sufficiently gathered from the oral and written instructions which RODEY, Judge, gave to the jury, as follows:

The Following Instructions Were Given Orally to the Jury Prior to the Reading of the Written Instructions of the Court:

With reference to offers of settlement between the company and this insured, you are instructed that no offers of settlement between people who are endeavoring to compromise a controversy between themselves have any effect when they litigate afterwards in a court of justice, save as it may throw light upon the truth or falsity of testimony that is before you. In other words, the offers don't bind anybody.

The court has examined the policy, and that clause of it covering personal property, and is of opinion that the wording of the second clause of the policy would cover cement. It is rather doubtful, but, on the whole, I would rather instruct you that it does. There is a rule of law that says when one thing is mentioned in with others, then any additional clause is what is called in Latin *idem generis,* or the same kind, and this clause says clothing, books, and meteorological apparatus. Evidently it was a surveyor that lived in the house. And it also says: Other personal effects that may be in the house. Ordinarily that would be held to be personal effects of the same general character, meaning furniture and household goods, such as one ordinarily has in a dwelling, and would not include cement, but

Mendez v. North British & M. Ins. Co.

the amount is so small that out of an abundance of caution I would rather say that it is included, and the jury may so con-sider it.

If you find for the plaintiff, you might make allowance for any excess premium that was collected at the time of entering into the contract of insurance, if you shall find that the house was not worth $4,000.

You do not have to believe uncontradicted testimony if it is not reasonable. That is what a jury is for, to weigh the testimony.

Another point with reference to the conflict of counsel; and for fear the jury might get into a discussion over it, I desire to instruct them that confession of a crime is often sufficient to convict in a criminal suit, as where a man pleads guilty to an indictment, but if a man should come up and confess to the crime of murder, and no body was produced, it would not be sufficient, because it might be possible that the man was crazy. But where a man confesses to one person that he committed a crime, and then afterwards, when called into court, he denies the confession, his word is put up against that of the other man, and that is not sufficient to prove his guilt beyond a reasonable doubt, while the same evidence might justify a jury in finding one way or the other by a mere preponderance of the evidence in a civil suit.

I desire to say further that this is a peculiar case, involving a whole lot of conflicting evidence, and the court and the jury must be absolutely impartial in the duty that they now have to perform, and neither the court nor the jury can take sides with these people. Pay no attention to their desires. The court must instruct you as it believes the law to be, and you

must pass upon the evidence in the case under these instructions, without reference to any outside influence of any kind or character. Find your verdict as you determine that a cold balancing of the facts justifies it, and it lieth in the mouth of no man to question you for it.

## The Following Are the Written Instructions Which Were Read to the Jury by the Court:

As you have seen, this is a suit by the plaintiff Jaime Mendez as assignee of Henri Escande & Company against the defendant the North British & Mercantile Insurance Company of London, England, for the sum of $6,000, with interest and costs, for the loss of a house and certain furniture said to have been contained therein, situated at Caguas, in this island, and which it is alleged was destroyed by fire, as shown by the evidence, in the latter part of April, 1909. The policy is dated the 19th of August, 1907, and ran until the 19th day of August, 1910, and was for the sum of $6,000, $4,000 of which covered the house in question, as per the terms of the policy, and $2,000 of which covered the furniture and other contents of the house. It is in evidence before you, and is shown by the indorsement on the policy, that this insurance policy was assigned to the plaintiff under date of the 22d of February, 1909. And therefore it is conceded that the plaintiff had a right to sue on it, if any liability has been proved before you under it.

The insurance policy in question has all of the usual conditions put in such instruments, and you are instructed that it is the law that the plaintiff is not entitled to recover anything under this policy, even though the house and its contents have

Mendez v. North British & M. Ins. Co.

been completely destroyed, if he, by his own act or procurement, wilfully and fraudulently caused the burning and destruction thereof. In other words, if he brought about this fire he cannot recover against this defendant for the loss, but if you believe from a preponderance of the evidence that the fire was purely accidental, or even that it was incendiary, but that this plaintiff was in no manner responsible for it, and in no way intentionally caused it, then the plaintiff is entitled to recover the reasonable value of the property destroyed, because that is one of the risks under the policy. In this regard, you are instructed that if you believe that the plaintiff in no manner brought about this fire, and is himself in perfect good faith in this suit, then and in such case you cannot ignore his proofs as to his actual loss within the amount of the policy, but you are instructed that if you believe from a preponderance of the evidence that, at the time of the issuance of this fire insurance policy, the former owner of the premises really placed a too high value upon the same, then clauses 12 and 13 of the insurance policy protect the insurance company against having to pay any such excess value on account of the premises, by giving it the right to rebuild the premises. It is in evidence, and uncontradicted, that the insurance company has always been, and now is ready and willing to replace the building in question, and that the landlord or owner of the soil consents that it may do so, but it is also in evidence and admitted by the plaintiff that the same cannot be done because of the plaintiff having assigned the lease of the land which he held, and the second sublessee will not consent that the building shall be put there. Hence you are instructed that that relieves the insurance company from paying any unreasonable value for the destroyed premises, because this plaintiff

had no right in law to put it out of his power to consent that this building should be put back there by the insurance company, and you should, if you find for the plaintiff, give him a verdict for only what you believe from a preponderance of the evidence is the actual and reasonable value of replacing that building.

As to the furniture and contents of the house: the plaintiff, if you believe that he is not responsible for this fire, is entitled to recover, up to $2,000, the reasonable value thereof when the same consisted of all kinds of clothing, books, meteorological apparatus, and other personal effects, but he is not entitled to recover for any such thing as a collection of canceled stamps, save to the value of $100, as that is not covered by the policy. But you are instructed that the $2,000 risk is the limit of the liability, and not the measure of the liability, and that you must believe from a preponderance of the evidence that $2,000 worth of property at its cash value, according to the market price at the time it was destroyed, was lost, or you cannot give plaintiff a verdict for that sum on that account, but will be confined to the reasonable value of the personal property as thus defined, thus lost, and the cost of the property, or the cost of replacing it cannot be substituted for the actual cash market value, which is what you must go by on the evidence.

The case is, therefore, simple, even though the testimony is often hard to reconcile, and some of it directly conflicting. You, as sensible, independent, honest, and impartial jurors have the duty, on a preponderance of this evidence, to say whether the plaintiff is in any manner responsible for this fire, and if you find that he is, then the case ends right there, and your verdict should be for the defendant, because it would be but to put a premium on criminality and fraud to give a plaintiff a

Mendez v. North British & M. Ins. Co.

verdict where he himself is the author of the destruction of the property.

On the other hand, it is equally your duty to give the plaintiff a verdict for the full value of exactly what he lost, if you believe from a preponderance of the evidence that he is in no manner responsible for this fire, and that so far as he is concerned there was no fraud or wrong about it. On the one hand, you must take the facts that cannot be denied, and that have unquestionably been established. These are: first, that the insurance contract was entered into; that it was in full force and effect, at the date of the fire, between the parties that are here suing; that it covered the house and its contents as described, and that the fire occurred and that a total destruction of the house and its contents took place. Then, as honest men, you must take into consideration all of the testimony in the case to determine the main question of fact as to whether this was an accidental fire, for which this defendant is liable, or whether it was a fraudulent one intended to cheat the defendant out of the insurance money.

You have noticed that, owing to the peculiar character of the case, there has been a good deal of useless testimony let in, and the court wants to correct itself before you for letting some of it in; and therefore you are instructed to be careful in considering and weighing the facts in the case, and to not permit these transactions that took place in the insular courts to have any weight with reference to the rights of either of these parties, save where such proofs throw direct light upon the main question at issue here under these instructions.

The burden is upon the plaintiff to show the liability of the defendant, and you are instructed that he has shown it prima

facie by introducing the insurance policy, showing its assignment, and proving the destruction of the house and its contents. When a fire insurance company defends in a case like this, on the ground that the fire is a fraudulent one, the burden is upon it to show that fact to your satisfaction by a preponderance of the evidence. But, as has often been told you, the court does not mean by a preponderance of the evidence that one side or the other must have the most witnesses, or must introduce the greater number of papers, contracts, or exhibits before you, but it is meant that you shall understand that a preponderance of the evidence is intended to mean that side of the case which, on a full, fair, and impartial consideration of all the facts and circumstances surrounding the case, you, as reasonable, honest, and impartial men believe truth and justice to be. You are urged to give the greatest consideration to a weighing of all the surrounding facts and circumstances of this case, because, on the one hand, it would be wrong to permit an insurance company to escape liability if it is liable, and, on the other hand, it would be, as stated, but putting a premium upon wrongdoing, fraud, and crime to permit a plaintiff to recover if he is in fact the author of the wrong himself.

Remember that indemnity is the basis of a fire insurance contract, and juries should be careful to not permit any plaintiff to make a profit-gaining transaction out of it.

This is a case peculiarly for a jury. It is for twelve good men and true to weigh the evidence, and say who tells the truth and who speaks falsely, and when you have done so, then without fear or favor find for the side that is right. Do not let your acquaintance with the counsel, or your acquaintance with the parties, have any effect in your deliberations. It is cowardly

Mendez v. North British & M. Ins. Co.

for a court or jury to permit such things to affect their judgment. Justice becomes a farce when that takes place. Neither the counsel nor the parties have a right to ever question you for what you shall do under your oaths in this case, because your consciences alone are bound by the action you shall take. Neither can any of you jurors inject into the case in your room, when you go to deliberate, any of your personal knowledge, if you should have any, because that would not be fair to the party against whom it might militate, because he has no chance to cross-examine you, and a juror is not a witness in any case. If any juror had any such knowledge, it was his duty to have left the jury box at the beginning of the trial and have become a witness, where he could be cross-examined like any other witness. Therefore, the court desires to impress upon you the solemn duty you are about to perform, and the impartial mood in which you must approach it, and the fearlessness with which you must determine every fact and the whole case. It is hoped that you will arrive at a verdict. Nobody's life and nobody's liberty are involved here. Neither is this a criminal prosecution. It is purely a civil case, and you should not permit the fact to govern you, or to weigh unduly with you, that if you find for the defendant it will cast a slur upon the plaintiff, because if the evidence warrants it, you should do that without hesitation.

In a civil case like this, sensible men should arrive at a verdict because nobody's liberty, as stated, is at stake, and any point in the case, and the whole case, can be determined on a mere preponderance of the evidence, and it does not require that any fact shall be proved beyond a reasonable doubt, as is the case in criminal prosecutions, as you have often been instructed.

Mendez v. North British & M. Ins. Co.

It is not intended by this statement that any of you shall be obliged to surrender your convictions to the views of others, but it is only intended to impress you with the fact that you are presumed, as reasonable and honest men, to deliberate together, and if some are of one view and others of an opposite view that you will deliberate with each other, and either become convinced that your opinion is right or, being convinced that it is wrong, agree with your opponent, and when you have done so, return a verdict in accordance with the facts found.

In this cause, the same as in all other causes, the jury are the sole judges of the weight of the evidence, and of the credibility of the witnesses, and if you believe that any witness has wilfully sworn falsely as to any material fact you are at liberty and it is your privilege, to disregard such portion or even the whole of such witness's testimony. In considering the weight to be given the evidence of any witness, you may consider the interest, if any, which he has in the result of the cause, and his manner on the stand, and you will, of course, make comparison of what he says with all other facts and circumstances in the case, and also will, as practical and honest men, consider whether or not the story told by any particular witness is reasonable or otherwise.

But two forms of verdict will be given you because you must find either for the plaintiff or the defendant absolutely in this case. One form will read: "We, the jury, find for the plaintiff, and assess his damages at the sum of blank dollars;" and the other will read: "We, the jury, find for the defendant." If you shall find for the plaintiff, you must assess his damages as to the house at such reasonable sum as you may believe the house to have been worth; that is, what it would cost to replace it, as the

defendant is ready to do but cannot do, and to this you must add whatever you believe to have been the real reasonable value of the furniture or contents of the house under the second clause of the risk in the policy. If you find for the defendant you will have no calculating of any kind to do.

When you have arrived at a verdict, you will select one of your number as foreman to sign it, and then all of you return it into court. You may take to your room the complaint, the answer, the insurance policy, and all the exhibits introduced in the cause. The cause is with you, gentlemen.

The jury returned a verdict for the plaintiff in the sum of $2,000.